UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2011 JUL 25 AM 11: 08
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CYNTHIA YEAZEL,
   PLAINTIFF,
v.
WALT DISNEY PARKS AND
RESORTS U.S. INC.,
a Florida Corporation Cioroiratun.
SERVICE TRADES COUNCIL
UNION, LOCAL 737.
   DEFENDANTS.

CASE No.:

6:11-CV-1226-ORL-22 DAB

## COMPLAINT. (JURY TRIAL DEMAND).

1. The Plaintiff, Cynthia Yeazel, is and was at all times material to this Complaint a resident of Orlando, Orange County, State of Florida within the jurisdiction of this Court. All material acts took place within the limits of the Middle District of Florida.

2. The Defendant, **Walt Disney Parks and Resorts U.S. INC.,**, is a corporation duly organized under the laws of the State of Florida, and having a usual place of business I at Lake Buena Vista, Orange County, State of Florida, within the jurisdiction of this Honorable Court; the Defendant is now and has been engaged in the hospitality and tourism business for many years. (hereafter referred to as "Disney").

3. The Defendant union, Service Trades Council Union Local 737(' STCU" or "Union") by their officers and agents are engaged in representing and acting for their members employed in the hospitality and tourism industry, an industry affecting commerce within the district of the United States District Court for the Middle District of Florida. The Defendant is a labor organization within the meaning of Section 2 of the Labor- Management Relations Act of 1947, 61 Stat. 136, 29 U.S.C.A. § 141 et seq.; having its principal place of business at Lake Buena

Vista, Orange County, Florida, within the jurisdiction of this Honorable Court.

4. This action *is* brought pursuant to the provisions of section 301 of the Labor-Management Relations Act of 1947, 61 Stat. 159, Title 29 U.S.C.A. § 185 and this Court has jurisdiction of this cause pursuant to the foregoing provisions of said Act..

5. At all material times the Plaintiff was employed by the Defendant Corporation and was a member of the Defendant Union's designated unit.

6. At all material times the Plaintiff was covered under the terms of a collective bargaining agreement entered into between the Defendant Corporation and Defendant union, and the Plaintiff was entitled to the benefits of the collective bargaining agreement.

7. Article 18 of the collective bargaining agreement provides in part that "an employee will not be discharged except for just cause."

8. For more than 20 years, the Plaintiff was employed by the Defendant Disney with a excellent employee record, devoid of any instances of major misconduct.

9. On or about June 26, 2010, the Plaintiff was observed by employees of the Defendant Disney posing as diners at the busy character buffet restaurant in which she was employed. . It was noted that she failed to properly credit a meal purchase and there was a "potential loss" (one or more) to the Company. (see Exhibit A)   attached hereto and incorporated as though fully set forth). At no time was this supposed discrepancy proved to be a shortage by comparing the amount of money in the register at the close of the Plaintiff's shift with the total actually in the register. The Plaintiff was discharged without any proof of theft or misappropriation of funds.

10. On or about October, 6, 2010 the Plaintiff was discharged *not* for "just cause" in violation of the collective bargaining agreement. (see Exhibit B ).

11. Although the Plaintiff sought to have the Defendant Union grieve the discharge, the Defendant Union failed, and refused to take appropriate action on behalf of the Plaintiff. The union failed to process the grievance, and breached its duty of fair representation it owed to the Plaintiff. This failure is evidenced by the fact that the Union failed to inform the Plaintiff of the availability of further grievance proceedings to include advancing the grievance from step 4 of the process to step 5. Based on the total lack of evidence of misconduct, this was a clear breach of the union's duty.

10. As a result of the breach of the collective bargaining agreement by the Defendant Corporation and a breach of the duty of fair representation by the Defendant Union, its agents and employees, the Plaintiff has sustained severe and substantial damages as detailed herein.

11. Insofar as there exists any internal union procedure to remedy this breach by the union to act on the Plaintiff's behalf, those have been exhausted, would be futile, or do not exist and the Plaintiff may thus properly bring the instant action.

WHEREFORE, Plaintiff demands judgment as follows:

A. That the Defendant Corporation breached the terms of the collective bargaining agreement by discharging the Plaintiff without just cause;

B. That the Defendant Union breached its duty of fair representation to the Plaintiff by treating the Plaintiffs grievance in an arbitrary and perfunctory manner;

C. That the Court order the Plaintiff reinstated with full back pay, seniority, and all other such benefits as if the Plaintiff had not been wrongfully terminated from her employment, and;

D. For such other relief, fees, attorney's fees, and costs as the Court may deem proper to do justice to the parties.

E. Trial by jury on all such issues as is available by right.

Dated: *July 23,* , 2011

Respectfully submitted,
By: _____
John Paradis, Esq., FBN: 15604
Trial Attorney for Plaintiff
Post Office Box 536202
Orlando, Florida 32853
Voice: 407-492-2400
Fax:    407-540-9566
Email: JParadisLaw@gmail.com

## VERIFICATION.

Under penalty of perjury, I declare that I have read the foregoing and facts contained in it are true.

Date: 7-23-11

_____
Cynthia Yeazel
Plaintiff

STATE OF FLORIDA          )
                          )
COUNTY OF OSCEOLA         ) ss:
                          )

Personally appeared before me, the undersigned authority, the Plaintiff, Cynthia Yeazel, who having produced identification ( _____ ) or being personally known, did made oath that she has read the allegations contained in the complaint and that they are true and correct.

_____
Marilyn A. Saul
NOTARY PUBLIC State of Florida at Large
My Commission expires: 11-11-14
(Seal)

NOTARY PUBLIC STATE OF FLORIDA
Marilyn A. Saul
Commission # EE039266
Expires  NOV. 11, 2014
BONDED THRU ATLANTIC BONDING CO., INC.